# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RANDY ROLING,<br><br>    Plaintiff,<br><br>vs.<br><br>GARRET C. MOENK, PAUL S. LUMPA, JOHN GORMAN, CHAD C. LEITCH,<br><br>    Defendants. | No. C04-1052-LRR<br><br>ORDER |

*TABLE OF CONTENTS*

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. STANDARDS FOR SUMMARY JUDGMENT* . . . . . . . . . . . . . . . . . . . . . 3

*III. THE PLEADINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*IV. LEGAL ANALYSIS OF CLAIMS* . . . . . . . . . . . . . . . . . . . . . . . . . 7

    *A.  REAL PARTY IN INTEREST* . . . . . . . . . . . . . . . . . . . 7
    *B.  FAIR DEBT COLLECTION PRACTICES ACT* . . . . . . . . . 9
        1. *"Debt"* . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        2. *"Debt Collectors"* . . . . . . . . . . . . . . . . . . . . . . .
    *C.  RACKETEER INFLUENCED AND CORRUPT*
        *ORGANIZATIONS ACT* . . . . . . . . . . . . . . . . . . . . . . . 11
    *D.  OTHER FEDERAL CLAIMS AND STATE LAW CLAIMS* . . 11

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

On December 2, 2004, Plaintiff Randy Roling ("Roling") filed a Complaint against Defendant Garret C. Moenk ("Moenk"), Defendant Paul S. Lumpa ("Lumpa"), Defendant John Gorman ("Gorman") and Defendant Chad C. Leitch ("Leitch"). Roling seeks to recover damages from Moenk, Lumpa, Gorman and Leitch based on a promissory note and a land patent. Subject matter jurisdiction is predicated on 28 U.S.C. § 1338(a).[1] Further, given Roling's reliance on 15 U.S.C. § 1692, et seq., or provisions of the Fair Debt Collection and Practices Act ("FDCPA") and his reliance on 18 U.S.C. § 1961, et seq., or provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), it appears that the court has federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). To the extent that Roling raises state law claims, supplemental jurisdiction exists. 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy . . . ."). *But see* 28 U.S.C. § 1367(c) (granting a district court discretion to decline to exercise supplemental jurisdiction over state law claims under certain circumstances).

The matter before the court is the Motion for Summary Judgment ("First Motion") (Docket No. 7), filed by Leitch, and the Motion for Summary Judgment ("Second

---

[1] Subsection (a) of 28 U.S.C. § 1338 provides:
> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, . . . . Such jurisdiction shall be exclusive of the courts of the states in patent, . . .

In an order dated December 6, 2004, the court determined that Roling inappropriately relied on 28 U.S.C. § 1338(a) as a basis for jurisdiction. More specifically, the court concluded that the alleged existence of a land patent did not provide a basis for federal subject matter jurisdiction.

Motion") (Docket No. 8), filed by Moenk and Lumpa.[2] The court now turns to consider the First Motion and Second Motion that Leitch, Moenk and Lumpa (collectively referred to as "Defendants") submitted.

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it is a fact that "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *See McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005); *Woods*, 409 F.3d at 990.

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see, e.g., Anderson*, 477 U.S. at 248; *Janis v. Biesheuvel*, 428 F.3d 795, 799 (8th Cir. 2005). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

---

[2] The court notes that Gorman neither filed an answer nor a dispositive motion. It is not clear from the record that Roling properly served Gorman.

## III. THE PLEADINGS

On December 2, 2004, Roling filed a Complaint. On December 6, 2004, the court stayed the instant action. Despite such stay, Leitch filed an Answer on December 29, 2004. On March 28, 2006, Leitch filed a Motion to Lift Stay and the First Motion. In support of the First Motion, Leitch submitted a Brief, a Statement of Material Facts and an Appendix. Leitch contends that summary judgment is appropriate for two reasons: (1) Roling is not the real party in interest because he previously filed for Chapter 7 bankruptcy; and (2) neither the RICO claim nor the FDCPA claim are viable. Leitch also contends that the court should dismiss without prejudice the remaining state law claims. On April 7, 2006, Moenk and Lumpa filed a Joinder in the Motion to Lift Stay and the Second Motion. In support of the Second Motion, Moenk and Lumpa relied on the First Motion and submitted a Brief. Moenk and Lumpa argue that summary judgment is appropriate because they are not "debt collectors" under the FDCPA and there is no evidence which establishes the existence of an "enterprise" for purposes of RICO. On April 10, 2006, the court granted the Motion to Lift Stay and the Joinder in the Motion to Lift Stay. On May 1, 2006, Roling filed an Objection for Lifting Stay and Motion for Summary Judgment. On May 5, 2006, Leitch filed a Reply. In support of the Reply, Leitch submitted a Statement of Additional Material Facts.

Roling's Objection for Lifting Stay and Motion for Summary Judgment does not comply with the Local Rule 56.1(b). Such rule, in pertinent part, provides:

> A party resisting a motion for summary judgment must [. . .] file contemporaneously all of the following:
> 1. A brief that conforms with the requirements of Local Rule 7.1(e)[3] in which the resisting party responds to each of the grounds asserted in the motion for summary judgment;

---

[3] Under Local Rule 7.1(e), the party resisting a motion must file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies.

4

2. A response to the statement of material facts in which the resisting party expressly admits, denies, or qualifies each of the nonmoving party's numbered statements of fact, [. . .];
3. A statement of additional material facts that the resisting party contends preclude summary judgment, [. . .]; and
4. An appendix that conforms with the requirements of section "e" of this rule [. . .[4]].

A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record. The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact.

---

[4] Subsection (e) of Local Rule 56.1, in relevant part, provides:
> All references to supporting documents in a brief, a statement of material fact, or a resistance or reply to a statement of material fact must be to a specific page number in an appendix. The moving party's appendix must include those pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits upon which the moving party relies in the motion for summary judgment and the supporting documents. The resisting party's appendix must include those parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits not already included in the moving party's appendix upon which the resisting party relies in resisting the motion. The moving party's supplemental appendix must include any additional materials upon which the moving party relies in replying to the resistance that have not already been included either in the moving party's appendix or in the resisting party's appendix. A document included in an appendix must be authenticated properly, by affidavit or in some other lawful manner, or in may not be considered by the court in ruling on a motion for summary judgment.

> Each individual statement of additional material fact must be concise, numbered separately, and supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the statement, with citations to the appendix containing that part of the record.

*See* L.R. 56.1(b). Although Roling lists fifteen facts in his Objection for Lifting Stay and Motion for Summary Judgment, those facts primarily address issues related to a bankruptcy proceeding and the previously imposed stay. Further, Roling fails to address the merits of either the First Motion or the Second Motion and he cites no authority in his Objection for Lifting Stay and Motion for Summary Judgment. Roling did not submit a brief, a response to the statement of material facts, a statement of additional material facts or an appendix. Consequently, Roling's Objection for Lifting Stay and Motion for Summary Judgment does not comply with Local Rule 7.1(e) or Local Rule 56.1(b). Given Roling's failure to follow the Local Rules, the court deems it appropriate to strike Roling's Objection for Lifting Stay and Motion for Summary Judgment. *See* L.R. 1.1(f). Consequently, Roling has not resisted the First Motion or the Second Motion.

Local Rule 56.1(c) provides:

> If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

As previously stated, Roling did not file a resistance to Defendants' First Motion or Second Motion. Because he failed to file a proper resistance to either the First Motion or the Second Motion or any other supporting documents, Roling also failed to expressly admit, deny or qualify each of the facts set forth in Defendants' Statement of Material Facts. Roling's failure to file any response to Defendants' Statement of Material Facts constitutes an admission of each of these facts. *See* L.R. 56.1(b)(4). Roling's admission of the facts included in Defendants' Statement of Material Facts and his failure to come forward with any evidence in resistance to Defendants' First Motion and Second Motion

6

lead the court to conclude that Defendants are entitled to summary judgment on Roling's claims on purely procedural grounds pursuant to Local Rule 56.1(c) and Federal Rule of Civil Procedure 56(e).[5]

Under the law of the Eighth Circuit Court of Appeals, however, the court may grant Defendants' First Motion and Second Motion with respect to any of Roling's claims only if the court determines that Defendants are entitled to judgment as a matter of law on each claim. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). Thus, the court turns to review Roling's claims.

### IV. LEGAL ANALYSIS OF CLAIMS
#### A. REAL PARTY IN INTEREST

Before filing the instant action, Roling filed for Chapter 7 bankruptcy.

> Under the Bankruptcy Code, 11 U.S.C. § 541(a)(1) (1994), all of the [debtor's] legal and equitable interests are transferred to the bankruptcy estate at the time the bankruptcy petition is filed. The property of a bankruptcy estate is "broadly defined," *Sosne v. Reinert & Duree* (*In re Just Brakes Corp. Sys., Inc.*), 108 F.3d 881, 884 n.2 (8th Cir. [1997]) [. . .], and encompasses conditional, future, speculative, and equitable interests of the debtor. *Affiliated Computer Sys. Inc., v. Sherman* (*In re Kemp*), 52 F.3d 546, 50 (5th Cir. 1995) (per curiam). Most importantly, the property of the bankruptcy estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition. *See Mixon v. Anderson* (*In re Ozark Rest. Equip. Co.*), 816 F.2d 1222, 1225 (8th Cir. [1987]) [. . .].

---

[5] Federal Rule of Civil Procedure 56(e) provides, ". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

7

*United States ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir. 2001). Thus, at the time the debtor files a bankruptcy petition, "'[t]he trustee steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of action, which become property of the estate.'" *Constellation Dev. Corp. v. Dowden* (*In re B.J. McAdams, Inc.*), 66 F.3d 931, 935 (8th Cir. 1995) (quoting *In re Rare Coin Galleries of America, Inc.*, 862 F.2d 896, 901 (1st Cir. 1988)); *see also* 11 U.S.C. § 323(a), (b) (stating trustee is "the representative of the estate" and trustee "has capacity to sue and be sued"); *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985) (stating "that a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee").

Here, Roling, as a Chapter 7 debtor, does not have standing to pursue a cause of action which existed at the time he filed his bankruptcy petition. By operation of Roling's Chapter 7 bankruptcy filing, only the bankruptcy trustee, as a real party in interest, has the requisite standing to prosecute any legal claims which are encompassed within Roling's estate. *See* Fed. R. Civ. P. 17(a) (requiring that actions be prosecuted "in the name of the real party in interest"). Even though Leitch objected on the basis that the bankruptcy trustee is, in fact, the real party in interest and a reasonable period of time passed, no joinder or substitution of the real party in interest occurred. *See id.* Further, it is clear that the bankruptcy trustee did not abandon the claim back to Roling. *See* 11 U.S.C. § 554(a), (b) (permitting trustee to abandon property that is burdensome or of inconsequential value to the estate). Because only the bankruptcy trustee may bring this cause of action and the bankruptcy trustee did not abandon any property of the estate, it is appropriate to grant judgment as a matter of law. However, even if Roling did have standing to bring this cause of action, neither his FDCPA claim nor his RICO claim establish a genuine issue of material fact for trial and, therefore, they fail on the merits.

## B. *FAIR DEBT COLLECTION PRACTICES ACT*

In the First Motion, Leitch argues that Roling's debt is not a "debt" within the meaning of the FDCPA because the loan funds were not primarily for personal, family or household purposes. Leitch also argues that the allegations set forth in the Complaint, that is, (1) providing an unsigned notice of right to cure, (2) failing to give notice of due process rights that might exist, (3) failing to cease collection activity until timely validation occurred and (4) making false statements, do not establish that he violated any provision of the FDCPA. In the Second Motion, Moenk and Lumpa assert that the FDCPA is not applicable because they did not collect a "debt" within the meaning of the FDCPA and they do not meet the FDCPA's definition of a "debt collector."

### *1. "Debt" and "Debt Collector"*

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To effectuate such purpose, the FDCPA requires "debt collectors" to act in specific ways and prohibits "debt collectors" from engaging in specific conduct when attempting to collect a "debt." *See generally* 15 U.S.C. § 1692b-k.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Here, Roling did not incur debt primarily for personal, family, or household uses. Rather, Roling executed a promissory note that was secured by a mortgage on his farm, and he incurred such debt primarily for agricultural purposes. Accordingly, the court concludes that Roling's debt does not qualify as "debt" under the FDCPA. *Cf. In re Thompson*, 750 F.2d 628, 630-31 (8th Cir. 1984) (upholding

bankruptcy court's determination that debtor could not rely on 11 U.S.C. § 522(f)(2)(A) to avoid the lien on the debtor's pigs because they were part of a commercial enterprise and they were not used primarily for personal, family or household purposes); *Jonak v. John Hancock Mut. Life Ins. Co.*, 629 F. Supp. 90, 95 (D. Neb. 1985) (concluding that "a credit transaction that is primarily for an agricultural, commercial, or business purpose or is not for a personal, family or household purpose is not subject to the Truth in Lending Act").

Further, the FDCPA defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). After Roling defaulted on his promissory note, Union Bank & Trust Co. assigned Roling's debt to Moenk and Lumpa, and they collected the debt. Moenk owns Moenk Real Estate in Monticello, Iowa and Lumpa owns C & L Dryer in Monticello, Iowa. Roling does not allege and no evidence indicates that the principal purpose of Moenk's business or Lumpa's business is the collection of debts or that they regularly attempt to collect debts owed or due another. Thus, the court concludes that neither Moenk nor Lumpa qualify as a "debt collector" under the FDCPA. *Cf. Jonak*, 629 F. Supp. at 94-95 ("[The FDCPA's] protections are limited to the activities of "debt collectors," the definition of which excludes both creditors seeking to collect their own debts and the officers and employees of creditors collecting debts for the creditors. 15 U.S.C. § 1692a(6). No involvement by a "debt collector" is alleged here.").

### *2. Specific Allegations*

Because the court concluded that Roling's debt does not qualify as "debt" under the FDCPA and neither Moenk nor Lumpa qualify as a "debt collector" under the FDCPA, the court need not address Leitch's claim that the allegations set forth in the Complaint do not establish that he violated any provision of the FDCPA. Nonetheless, the court

10

reviewed each of Roling's allegations and concludes that there is insufficient evidence to show that Leitch violated any provision of the FDCPA. *See* 15 U.S.C. § 1692, et seq.

## C. *RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT*

Roling alleges in his Complaint that Defendants are engaged in a pattern of racketeering activity in violation of RICO or 18 U.S.C. § 1961, et seq. Defendants construe the Complaint as possibly stating a civil RICO claim. *See* 18 U.S.C. § 1962; 18 U.S.C. § 1964(c). In the First Motion, Leitch states that Roling's civil RICO claim is based on the predicate act of mail fraud, *see* 18 U.S.C. § 1341, and he contends that the allegations set forth in the Complaint, that is, (1) mailing a notice of right to cure default (2) mailing a copy of a motion for special order with an affidavit of Moenk and (3) mailing a copy of a motion for special order with an affidavit of Lumpa, do not establish that he violated RICO. More specifically, Leitch maintains that the undisputed facts indicate that no "pattern" of racketeering activity exists and the mailings did not further a particular scheme to defraud. In the Second Motion, Moenk and Lumpa claim that Roling failed to show a "pattern" of racketeering activity or an "enterprise." The court agrees with Defendants. The record does not establish a "pattern" of racketeering. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 406-07 (8th Cir. 1999); *Demerath v. Land Co. v. Sparr*, 48 F.3d 353, 355-56 (8th Cir. 1995); *Manion v. Freund*, 967 F.2d 1183, 1185-86 (8th Cir. 1992); *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank*, 934 F.2d 976, 979 (8th Cir. 1991).[6] Accordingly, Roling's RICO claim fails as a matter of law.

## D. *OTHER FEDERAL CLAIMS AND STATE LAW CLAIMS*

In his Complaint, Roling relies on the Coinage Act of 1972, 12 U.S.C. § 1831n(a)(2)(A) and 12 CFR 745.6(b). His arguments concerning those statutes or regulations are nonsensical and incoherent. To the extent that Roling is attempting to

---

[6] Having determined that Roling failed to meet the pattern element of a RICO claim, the court declines to address the other RICO elements, including whether Defendants engaged in an "enterprise."

assert a federal claim based on the Coinage Act of 1972, 12 U.S.C. § 1831n(a)(2)(A) or 12 CFR 745.6(b), the court concludes that Defendants are entitled to summary judgment.

With respect to Roling's remaining state law claims, the court "may decline to exercise supplemental jurisdiction over a claim . . . if [it] has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Having determined that it is appropriate to grant summary judgment with respect to Roling's federal claims, the court declines to exercise supplemental jurisdiction over Roling's remaining state law claims. *See Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005); *Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004).

## V. CONCLUSION

The court reviewed the law that is applicable to Roling's claims against Defendants, the facts that Roling alleges in his Complaint and Defendants' Statement of Material Facts which are deemed admitted by Roling. In light of such review, the court concludes that Defendants are entitled to judgment as a matter of law on all of Roling's federal claims. The record, when viewed in the light most favorable to the nonmoving party, fails to establish a genuine issue of material fact with respect to: (1) whether Roling is the real party in interest or has standing to pursue the instant action; (2) whether a violation of FDCPA or RICO occurred; and (3) whether a violation of any other federal law occurred. Defendants have met their burden in proving that the undisputed material facts in the instant case entitle them to judgment as a matter of law on each of Roling's federal claims. With regard to the remaining state law claims, the court declines to exercise supplemental jurisdiction.

**IT IS THEREFORE ORDERED:**

(1)　The Clerk of Court is directed to STRIKE Roling's Objection for Lifting Stay and Motion for Summary Judgment (Docket No. 12).

(2)　Leitch's Motion for Summary Judgment (Docket No. 7) is GRANTED.

(3) Moenk and Lumpa's Motion for Summary Judgment (Docket No. 8) is GRANTED.

(4) Roling's remaining state law claims are DISMISSED without prejudice.

(5) All costs of the action are ASSESSED against Roling.

**DATED** this 2nd day of January, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA